TOLEDO BAR ASSOCIATION *v.* MILLER.

[Cite as Toledo Bar Assn. v. Miller (1970),
22 Ohio St. 2d 7.]

(D. D. No. 103—Decided April 1, 1970.)

*Mr. Charles W. Peckinpaugh, Jr., Mr. James A. Martin* and *Mr. Edward A. Kemper,* for relator.
*Mr. Marcus L. Friedman,* for respondent.

*Per Curiam.* As the Board of Commissioners on Grievances and Discipline pointed out in their findings of fact and recommendation, respondent had many years experience as a lawyer, and further had many years of experience as an accountant. He was dealing with inexperienced, young clients who trusted him completely because he had represented their parents for a long period. He had a lawyer's professional obligation not to acquire an interest adverse to his clients, not to represent conflicting

interests except with their consent, and not to accept employment as a lawyer without first disclosing to these clients his relationship with any adverse party and his interest in the subject matter of the employment.

The board concluded that, while respondent "did not directly take his client's funds, but by his misrepresentations, contrived duplicity and continuing connivance, he in effect accomplished the same end by using the client's funds for his own personal benefit." They found that he violated the basic concepts of the most important duties which a lawyer owes to a client, honesty and integrity. The board recommended that the respondent be suspended for an indefinite period from the practice of law pursuant to Section 6(b) of Rule XVIII of the Rules of Practice of the Supreme Court of Ohio.

This court has carefully reviewed and considered the record, the findings of fact and recommendation of the Board of Commissioners on Grievances and Discipline, the objections of the respondent thereto and the briefs submitted, and we have concluded that the recommendation of the board is amply supported by the evidence and that the respondent should be suspended from the practice of law for an indefinite period. Such discipline is hereby imposed.

*Judgment accordingly.*

O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

MATTHIAS, J., not participating.

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.