In re Petition for Reinstatement of Miller.

[Cite as Reinstatement of Miller (1973), 35 Ohio St. 2d 135.]

(No. D. D. 103—Decided July 3, 1973.)

*Mr. Marcus L. Friedman,* for petitioner.

*Per Curiam.* Petitioner was indefinitely suspended from the practice of law in this state on April 1, 1970 (22 Ohio St. 2d 7). He filed a petition for reinstatement to the practice of law on November 20, 1972. Pursuant to the provisions of Rule V(20) of the Rules for the Government of the Bar of Ohio, a hearing was conducted by a panel of the Board of Commissioners on Grievances and Discipline. The findings of fact and recommendation of the panel were submitted to and adopted by the board. The board recommends that petitioner's application for reinstatement be granted.

The previous disciplinary proceeding against petitioner arose out of a judgment obtained against him by two former clients. The record in this case indicated that that

judgment had been settled to the satisfaction of the former clients.

Since his suspension from the practice of law, petitioner has been employed by a business firm in Toledo, as internal auditor, where he has responsibility for financial matters generally. His employer testified that petitioner is very competent and is a valued employee.

Petitioner also presented several attorneys and a businessman as witnesses in his behalf. In addition, a joint exhibit was offered by petitioner and the Toledo Bar Association which was a report prepared by a private organization at the request of the Toledo Bar Association. The report was on petitioner's financial standing and contained interviews with attorneys in Toledo and petitioner's neighbors.

As previously indicated herein, a representative of the Grievance Committee of the Toledo Bar Association was present at the hearing conducted by the panel of the board. That representative stated that he had conducted a personal investigation of petitioner since his suspension. He also stated that the association did not oppose the petition for reinstatement. Further, subsequent to the board's report and recommendation, the Toledo Bar Association notified the court that it did not oppose the petition.

The evidence in this case indicates that petitioner has rehabilitated himself and that he now possesses the mental, educational and moral qualifications required of a person seeking admission to the bar of Ohio. We conclude that the findings of the Board of Commissioners on Grievances and Discipline are fully supported by the evidence, and that the petition for reinstatement should be granted. The recommendation of the board that petitioner be reinstated to the practice of law in Ohio without being required to take a bar examination is confirmed.

*Report confirmed and judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.