■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WALTER LEE CASIEL, Respondent.— Appeal by the People from an order of the County Court, Suffolk County, dated June 30, 1972 dismissing, in the interests of justice, an indictment charging defendant with criminally selling a dangerous drug in the third degree and criminal possession of a dangerous drug in the sixth degree, the dismissal being based upon a decision of the trial court at the end of a jury trial. Order reversed, as a matter of discretion in the interest of justice, indictment reinstated and new trial ordered. The prosecution's case was predicated on the testimony of two detectives, one who had purchased heroin from defendant, and the other who had witnessed the transaction. Upon cross-examination of the purchasing police officer, defense counsel elicited that the meeting with defendant had been arranged through a confidential informant. Contending that no such meeting had taken place and that defendant had not made any sale, defense counsel requested that the identity of the informant be disclosed, so that counsel might have an opportunity to interview him and determine whether he could be helpful as a defense witness. The prosecutor objected to the disclosure of the informant's identity, on the ground that his continued anonymity was required in order to preserve his usefulness in an investigation which was still pending. The trial court thereupon directed the prosecutor to produce the informant for an *in camera* examination in the absence of counsel and the prosecutor. The court's stated purpose was (a) to determine whether or not the informant did in fact exist and (b) to learn further whether or not the informant had introduced the detective to defendant and made the arrangements relative to the sale of the heroin. Following the

examination, the court concluded that the informant's *in camera* testimony could be relevant and helpful to the defense. This was predicated on several inconsistencies between the trial testimony of the People's principal witness (the detective-purchaser) and the *in camera* testimony of the informant. The court reasoned that, since the outcome of the trial would hinge on the issue of the credibility of this police officer, the interests of justice would best be served if defense counsel were given the opportunity to interview the informant so that he might determine whether his testimony could be helpful in impeaching the officer's credibility. The court thereupon overruled the People's objection to the disclosure of the informant's identity and, upon the People's continued refusal to make such disclosure, concluded that defendant was thereby being deprived of a fair trial and dismissed the indictment. In our opinion, this was error. While the learned County Court Judge correctly stated the applicable principles and the decisional authority therefor, it is our view that, under the circumstances of this case, to require disclosure of the identity of the informant because of the inconsistencies alluded to is to strain the interests of justice to a filament and would not achieve the requisite proper balance between the public interest in protecting the flow of information and the individual's right to prepare his defense (a guideline laid down in the leading case of *Roviaro* v. *United States*, 353 U. S. 53). While, as noted by the County Court Judge, the *in camera* testimony of the informant was inconsistent with the testimony of the detective with respect to the informant's presence when the transaction was allegedly consummated and with respect to the date of the occurrence, the substance of the informant's entire testimony was such as to confirm that he had sent defendant to meet the detective and that defendant had informed him shortly thereafter that the sale was consummated. This testimony, therefore, might have rendered questionable the recollection of the principal witness with respect to tangential details, but may not be persuasively urged by defendant as useful in bolstering his contention that no sale took place. Under the circumstances, we are of the opinion that the conjectural value to defendant of the informant's testimony did not justify tipping the delicate balance envisioned by the Supreme Court in *Roviaro* so as to require the production of the informant and thereby not only destroy his usefulness in a pending investigation as claimed by the prosecutor, but also discredit the protective assurances on which confidential informants have a right to rely. Rabin, P. J., Munder and Martuscello, JJ., concur; Hopkins, J., dissents and votes to affirm, with the following memorandum: Criminal Term, after an *in camera* hearing, found that disclosure of the identity of the informer should be compelled. I agree with that determination. The *in camera* hearing followed the procedure which I consider appropriate in marking the balance between the State and the individual (see *People* v. *Goggins*, 42 A D 2d 227). Though the informer was not an eyewitness to the transaction, his testimony, as shown by the transcript of the *in camera* hearing before us on this appeal, would afford assistance to defendant in his defense. The informer's testimony indicates that the alleged transaction could not have occurred on the date claimed by the police officers, since the place where it was said to have been performed was closed at that time. Therefore, the testimony, in the words of the Supreme Court, would be "relevant and helpful to the defense of an accused" (*Roviaro* v. *United States*, 353 U. S. 53, 60–61; see, also, *United States* v. *Conforti*, 200 F. 2d 365, 367; *People* v. *Williams*, 51 Cal. 2d 355; *Drouin* v. *State*, 222 Md. 271). Against this showing, the prosecution produced no evidence that the interests of the State required the concealment of the informer's identity. There may be times when the rights of the prosecution under the informer

privilege are superior to the rights of the defendant. If, for example, the aid to the defendant from the proffered testimony is indirect or cumulative, and the potential damage to a continuing investigation or threatened harm to the informer is clear and convincing, the trial court might well hold against disclosure. But none of these factors was present here. Christ, J., dissents and votes to affirm, with the following memorandum: Criminal Term correctly held that the identity of the informant should be disclosed. This is not a case in which the informant, unknown to the defendant, gave information to the police. Here, it is claimed that the informant introduced the detective to defendant and made the arrangements concerning the sale of the heroin. It is also claimed that after the sale defendant told the informant he had made the sale. Defendant asserts that no such informant exists and that the allegations are a fabrication. Under the circumstances, as presented here, the withholding of the name of the informant seriously prejudiced defendant in his defense. The refusal of the District Attorney to disclose his identity was sufficient reason for the dismissal of the indictment. [70 Misc 2d 677.]