■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WALTER LEE CASIEL, Respondent.—Appeal by the People from an order of the County Court, Suffolk County, dated June 30, 1972, dismissing, in the interests of justice, an indictment charging defendant with criminally selling a dangerous drug in the third degree and criminal possession of a dangerous drug in the sixth degree, the dismissal being based upon a decision of the trial court at the end of a jury trial. By a prior order dated July 23, 1973, as amended by a further order dated April 28, 1976, this court reversed the order, on the law, reinstated the indictment, and ordered a new trial. On March 29, 1977 the Court of Appeals reversed the order of this court and remitted the case to this court with directions that the appeal to this court be dismissed *(People v Casiel,* 42 AD2d 762, revd 41 NY2d 945). Accordingly, the appeal is dismissed. Gulotta, P. J., Hopkins, Martuscello and Rabin, JJ., concur.

■ MARIA A. M. GOMES, Respondent, v JOAO C. GOMES, Appellant. (Action No. 1.) (And a Caption in Action No. 2.)—In a matrimonial action, defendant appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County, dated December 23, 1975, as, after a nonjury trial, fixed the amounts of alimony and child support and awarded a counsel fee. Judgment modified, on the facts, by reducing the award of alimony to the amount of $50 per week and by reducing the counsel fee to the amount of $2,000. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The amounts awarded as alimony and counsel fees were excessive to the extent indicated herein. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ VALENTINE GOTTHARDT, JR., Appellant, v DAIRYLEA COOPERATIVE, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Orange County, entered November 19, 1975, which is in favor of defendants, upon a jury verdict, after a trial limited to the issue of liability only. Judgment affirmed, with costs. The record amply sustains the verdict. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.