## STATE OF MARYLAND *v.* ANDREW JACKSON SHAW

[No. 73, September Term, 1977.]

*Decided March 29, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Bruce C. Spizler, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

*Charles M. Preston* and *Richard V. Boswell,* with whom were *Hoffman, Hoffman & Preston* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

Andrew Jackson Shaw (Shaw) was charged with the crime of misprision of a felony [1] and brought to trial before the Circuit Court for Carroll County (Weant, J., presiding, without a jury). The case was submitted to the court on an agreed statement of facts, the basic import of which was that Shaw bought several trucks from an acquaintance, that he subsequently learned the trucks were stolen and that he failed to report these facts to the authorities. Shaw moved for a judgment of acquittal following presentation of the agreed statement of facts. The court reserved ruling on the motion. Almost a year later, the court ordered that the charging document be dismissed on the ground that misprision of a felony is not a crime in Maryland.

The State appealed to the Court of Special Appeals pursuant to Maryland Code (1974, 1977 Cum. Supp.) § 12-302 (c) (1) of the Courts and Judicial Proceedings Article which authorizes the State to appeal in a criminal case "[f]rom a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment or inquisition . . . ."

We granted certiorari prior to decision by the Court of Special Appeals (*see* § 12-201 of the Courts Article) to consider whether the State may appeal from the dismissal of the charging document without violating double jeopardy principles. [2]

It is a well established common law principle in Maryland that a criminal defendant may not be twice put in jeopardy for the same offense. Since the Supreme Court's decision in *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d

---

1. 1 Chitty, *Criminal Law* 3 (3rd Am. Ed. 1836) defines the offense: "Any person knowing the crime to have been committed and concealing it, even though he has not actively assisted the offender, will be guilty of a misprision of the crime which he has been instrumental in concealing."

2. The parties briefed and argued a second question — whether misprision of a felony is a crime in Maryland. However, our disposition of the double jeopardy issue makes it unnecessary for us to address the second question.

707 (1969), the principle is applicable in state prosecutions by virtue of the fifth and fourteenth amendments to the United States Constitution. *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977); *Blondes v. State,* 273 Md. 435, 443, 330 A. 2d 169 (1975); *Cornish v. State,* 272 Md. 312, 316, 322 A. 2d 880 (1974); *Pugh v. State,* 271 Md. 701, 704-705, 319 A. 2d 542 (1974). Thus, the constructions and interpretations of the fifth amendment by the Supreme Court are controlling.

The prohibition against double jeopardy is directed at multiple prosecutions and multiple punishments, its purpose and design being to protect an individual from being subjected to the hazards of trial and possible conviction and punishment more than once for the same offense. It is axiomatic, therefore, that the prohibition is not applicable until jeopardy has first attached and a subsequent prosecution is pursued for the same offense.

In the instant case, the State concedes, as it must, that jeopardy attached when the court received the agreed statement of facts.[3] It contends, nevertheless, that the retrial of Shaw is not barred by double jeopardy. The thrust of the State's argument is that the dismissal of the charging document occurred, not because the agreed facts failed to constitute an offense, but rather because the trial judge believed the offense charged did not exist. This, the State contends, was a legal determination and if the trial judge was incorrect, the only matter to be determined is whether the agreed facts constitute the crime charged.

On the other hand, Shaw contends that the dismissal amounts to a ruling in his favor on the merits and that to remand the case to resolve issues of fact going to the elements of the offense would violate the double jeopardy prohibition.

Both the State and Shaw rely upon several recent Supreme Court cases;[4] they read the cases differently, to say the least.

---

3. *See* Serfass v. United States, 420 U. S. 377, 95 S. Ct. 1055, 43 L.Ed.2d 265 (1975) where the Supreme Court held that jeopardy attaches in a jury trial when the jury is sworn and in a non-jury trial when the court begins to hear evidence, and Jourdan v. State, 275 Md. 495, 341 A. 2d 388 (1975); Blondes v. State, 273 Md. 435, 330 A. 2d 169 (1975).

4. We need not discuss three of these cases because they are inapposite. In Serfass v. United States, *supra,* the Supreme Court permitted the appeal

Our analysis of three of those cases will resolve their differences and be dispositive of the issue before us.

In *United States v. Jenkins,* 420 U. S. 358, 95 S. Ct. 1006, 43 L.Ed.2d 250 (1975), the defendant was charged with refusing to report for induction into the armed forces. At his arraignment, Jenkins pled not guilty and later moved for a judgment of acquittal, claiming he was entitled to have the question of whether he was a conscientious objector determined before he was inducted. Jenkins was tried by the court, without a jury which, after receiving proposed findings of fact from the parties, dismissed the indictment and directed that Jenkins be discharged. The Supreme Court, in holding that double jeopardy barred the government's appeal, said:

> "Here there was a judgment discharging the defendant, *although we cannot say with assurance whether it was, or was not, a resolution of the factual issues against the Government. But it is enough* for purposes of the Double Jeopardy Clause, and therefore for the determination of appealability under 18 U.S.C. § 3731, *that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand.* Even if the District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings. The trial, which could have resulted in a judgment of conviction, has long since terminated in respondent's favor. To subject him to any further such proceedings at this stage would violate the Double Jeopardy Clause. . . ." (Emphasis added) 420 U. S. at 369-70.

---

because jeopardy never attached, the trial court having dismissed the indictment based on a pre-trial motion. In United States v. Wilson, 420 U. S. 332, 95 S. Ct. 1013, 43 L.Ed.2d 232 (1975), the Supreme Court permitted the appeal, the trial court having dismissed the indictment on a post trial motion after the jury returned a guilty verdict. In United States v. Martin-Linen Supply Co., 430 U. S. 564, 97 S. Ct. 1349, 51 L.Ed.2d 642 (1977), the trial court granted a motion for judgment of acquittal according to a procedural rule after the jury was deadlocked.

In *Lee v. United States,* 432 U. S. 23, 97 S. Ct. 2141, 53 L.Ed.2d 80 (1977), the information charged that Lee "did take and steal" certain billfolds from an individual but did not allege that the theft was committed "knowingly and with intent" to deprive the victim of his property. Lee elected a court trial and after an opening statement by the prosecutor, moved to dismiss the information because it failed to require specific intent. The District Court denied the motion on the ground that it needed more time to consider the matter and would do so later during the course of the trial. Lee offered no objection to continuing the case in this posture. After hearing the evidence, the court dismissed the information without a finding of guilt or innocence. Lee was recharged, retried and convicted. The Supreme Court affirmed. Mr. Justice Powell in delivering the opinion of the Court said:

> "The distinction drawn by *Jenkins* does not turn on whether the District Court labels its action a 'dismissal' or a 'declaration of mistrial.' The critical question is whether the order contemplates an end to all prosecution of the defendant for the offense charged.

> \* \* \*

> "In the present case, the proceedings against Lee cannot be said to have terminated in his favor. The dismissal clearly was not predicated on any judgment that Lee could never be prosecuted for or convicted of the theft of the two wallets. To the contrary, the District Court stressed that the only obstacle to a conviction was the fact that the information had been drawn improperly. The error, like any prosecutorial or judicial error that necessitates a mistrial, was one that could be avoided — absent any double jeopardy bar — by beginning anew the prosecution of the defendant. And there can be little doubt that the court granted the motion to dismiss in this case in contemplation of just such a second prosecution." 432 U. S. at 30-31.

The Supreme Court concluded that the first trial did not

terminate in his favor but was terminated in anticipation that he be reprosecuted.

In *Finch v. United States,* 433 U. S. 676, 97 S. Ct. 2909, 53 L.Ed.2d 1048 (1977), the defendant was charged with knowingly fishing on a portion of the Big Horn River in Montana, reserved for use by the Crow Indians, in violation of a federal statute. The case was submitted to the District Court on an agreed statement of facts. The court, after considering these facts, entered an order dismissing the information for failure to state an offense, and the government appealed.

The Supreme Court held that the lower appellate court was without jurisdiction to entertain the appeal because at the time the District Court dismissed the information, jeopardy had attached and any further prosecution was barred. The Court noted that. a successful appeal would net the government nothing, since it "would not justify a reversal with instructions to reinstate the general finding of guilt: there was no such finding in form or substance, to reinstate." *United States v. Jenkins, supra* 420 U. S. at 368. Further, because the dismissal was granted prior to any declaration of guilt or innocence, "on the ground, correct or not, that the defendant simply cannot be convicted of the offense charged" the appeal was barred by the fifth amendment. *Lee, supra,* 432 U. S. at 30.

The State argues that this Court should not apply the holding of *Finch* to the present case — that *Finch* is distinguishable because there is no necessity for a further resolution of factual issues and the only issue to be resolved is a legal one. The State contends the instant case should be treated the same as if the charging document were defective. We disagree. *Finch* is controlling. Here, the charging document was not defective. The dismissal was not in response to a pre-trial motion by the defendant. There was no finding by the trial court to be reinstated if the State prevailed.

*Lee* and *Jenkins,* cited by the Supreme Court in *Finch,* make it clear that it makes no difference what the action is called which terminates the trial; the real question is whether the

order contemplates an end to further proceedings. If it does, further prosecution is barred.

Whether the trial court was correct or not (and we do not reach that issue) in ruling in the case before us that misprision of a felony is not a crime in Maryland, its judicial act dismissing the charging document had the effect of saying discharge the defendant because he has committed no crime. The State's contention that this was only a legal conclusion is hardly dispositive since it is apparent to us that Judge Weant contemplated no further prosecution.

Furthermore, the record reveals that at no time did Shaw withdraw his motion for judgment of acquittal. It required the trial judge to rule on the merits based on the facts before it; certainly Shaw was entitled to such a ruling. The effect of the trial court's dismissing the charging document was the same as if it returned a verdict of not guilty.

We hold that, since the issues were submitted to the trial court upon an agreed statement of facts, jeopardy attached. Because the defendant asserted his right to a verdict by his motion for judgment of acquittal and never consented to a dismissal, the dismissal on the ground that no crime was charged was a determination in Shaw's favor from which no further prosecution was contemplated. The State's appeal is, therefore, barred by the Double Jeopardy Clause.

*Appeal dismissed; costs to be paid by the County Commissioners of Carroll County.*