545 A.2d 284

COMMONWEALTH of Pennsylvania, Appellee,

v.

Despina SMALIS, Appellant.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Ernest SMALIS, Appellant.

Superior Court of Pennsylvania.

Argued April 14, 1988.

Filed June 2, 1988.

Reargument Denied Aug. 5, 1988.

Norma Chase, Pittsburgh, for appellant (at 71 and 1546).

Thomas A. Livingston, Pittsburgh, for appellant (at 72 and 1547).

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

604

PER CURIAM:

These appeals arise from the trial court's denial of appellants' motion to dismiss the charges against them on grounds of double jeopardy following argument. Finding appellants' claims to be meritless we affirm the orders of the trial court, and remand for further proceedings.

Appellants were charged with criminal homicide, recklessly endangering another person, causing a catastrophe and failing to prevent a catastrophe as the result of a fire which destroyed a building they owned on February 12, 1979. Appellant Despina Smalis was also charged with theft by deception. At the conclusion of the prosecution's case, the trial court sustained demurrers on the charges of murder, voluntary manslaughter and causing a catastrophe. Trial on the remaining charges of involuntary manslaughter, recklessly endangering another person, failing to prevent a catastrophe and theft by deception (this charge as to appellant Despina Smalis only) was continued to permit the Commonwealth to appeal the order sustaining the demurrers.

The Commonwealth appealed to this court which found that such an appeal was barred by double jeopardy. *Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046 (1984). The Commonwealth then appealed our disposition to the Pennsylvania Supreme Court, which reversed this court's order and remanded for our review on the merits of the trial court's order sustaining the demurrers. *Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985). Appellants' petitions for writ of certiorari to the United States Supreme Court were granted, and that court found that the Commonwealth's appeal was barred by double jeopardy, reversing the Pennsylvania Supreme Court. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). In accordance with the mandate of the United States Supreme Court, the Pennsylvania Supreme Court reinstated the order of this court quashing the Commonwealth's appeal. *Commonwealth v. Smalis*, 511 Pa. 229, 512 A.2d 634 (1986). Attempts to proceed to trial prompted

appellants to file the aforementioned motion to dismiss the charges against them.

### Nos. 71 and 1546 Pittsburgh 1987 Appeal of Despina Smalis

Appellant Despina Smalis raises the following two (2) claims for our review, which will be addressed *seriatim:*

  I.  Whether retrial or resumption of a nonjury trial after a protracted "recess", during which the Commonwealth pursued an appeal from an order ultimately and not altogether unpredictably held to be an unappealable acquittal, subjects appellant to double jeopardy with respect to the charges that were not involved in the previously appealed order?

  II.  Whether the resumption of a nonjury trial some seven years after it was "recessed" for an impermissible appeal deprives appellant of due process and confrontation rights?

█ Appellant's first claim is clearly meritless. We initially note agreement with appellant's concession that the instant charges were not the subject of the previously sustained demurrers. The Supreme Court of the United States has held that, when a court finds the Commonwealth's evidence to be so lacking in sufficiency that no rational finder of fact could base a conviction on that evidence, the principles of double jeopardy bar a second trial. *United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, 78 (1978) (cites omitted). *Compare, Tibbs v. Florida,* 457 U.S. 31, 40–41, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652, 660 (1982) (cites omitted). No such finding was made regarding the subject charges of the instant appeal; therefore, they do not give rise to the double jeopardy preclusion to further prosecution.

█ Secondly, we note that the Commonwealth's appeal from the sustaining of appellant's demurrers was proper in light of the well-established state of the law of this Commonwealth at the time. *See, e.g., Commonwealth v. Wimberly,* 488 Pa. 169, 172, 411 A.2d 1193, 1194 (1979), *citing,*

*Commonwealth v. Long,* 467 Pa. 98, 354 A.2d 569 (1976) and *Commonwealth v. Simpson,* 310 Pa. 380, 165 A. 498 (1933). As a result, the Commonwealth's appeal was not a frivolous delaying tactic, as is suggested by appellant, but an often utilized, properly relied upon process. We, therefore, will not penalize the prosecution for failing to predict a change in the law of this Commonwealth. Specifically, they will not be penalized for failing to foresee that their right to appeal the grant of demurrers would be nullified by the United States Supreme Court.

■ As to appellant Despina Smalis' second claim of error, our determination of whether she has been denied her rights to due process and confrontation due to the delay in proceeding to trial on the remaining charges must be guided by the four factors set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 116 (1972). *Cf., Burkett v. Cunningham,* 826 F.2d 1208, 1219–1222 (3rd Cir., 1987). These four factors are (1) the length of the delay; (2) the reason for the delay; (3) appellant's assertion of her right; and, (4) prejudice to appellant. In applying these factors, we note that each is a guide to balancing appellant's interests and those of the Commonwealth in order to assess whether basic due process requirements of fairness have been satisfied. *United States v. $8,850.00,* 461 U.S. 555, 564–565, 103 S.Ct. 2005, 2013, 76 L.Ed.2d 143, 152 (1986). Furthermore, no single factor alone is sufficient to indicate a deprivation of the right to a speedy trial. *Barker v. Wingo, supra.* at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. It is clear that the delay herein of over six (6) years was lengthy. However, since we must make a determination based upon all four of the *Barker* factors, the lengthy delay standing alone is insufficient to deprive appellant of the right to a speedy trial.

■ In light of the state of the law at the time the Commonwealth appealed from the grant of appellant's demurrers and successfully sought a stay of the proceedings on the remaining charges, we find the reason for the delay

to be reasonable. That finding is buttressed by the fact that the record discloses no evidence of bad faith or dilatoriness on the part of the Commonwealth as is set forth hereinabove in response to appellant's first claim of error. *Cf., United States v. Loud Hawk,* 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640, 654 (1986).

■ Appellant clearly asserted her right by opposing the request for a stay. However, she failed to subsequently challenge the order to stay the proceedings through appellate processes.[1] Her rationales for the failure are that (1) she was under no duty to appeal the stay order, likening the situation to one where a failure to consent to a mistrial cannot be inferred from the failure to object; and, (2) she had no assurance that the vacating of the stay order would not have resulted in a "piecemeal disposition" of the charges. This amounts to a strategic decision on the part of appellant and her counsel, which does not negate the fact that she had the right to appeal the stay order and chose not to do so. We therefore find that appellant did not fully assert her right as required by the third factor of the *Barker* test.

Finally, we look to the prejudice that may have attached to appellant's case as a result of the delay. Appellant sets forth no specific arguments of prejudice for our consideration, and our review of the record does not disclose prejudice sufficient to weigh in appellant's favor. *Cf., United States v. Loud Hawk, supra.* at 315, 106 S.Ct. at 656, 88 L.Ed.2d at 654 (1986).

We find that appellant does not satisfy the balancing test set forth in *Barker.* Accordingly, her claim that she will be deprived of her due process rights if trial is resumed is meritless.

### Nos. 72 and 1547 Pittsburgh 1987 Appeal of Ernest Smalis

Appellant Ernest Smalis raises the following five (5) claims for our review, which will be addressed *seriatim:*

---

**1.** Stay orders are reviewable by the appropriate appellate courts. See generally, Pa.R.A.P. 1501 et seq., and Pa.R.A.P. 1701 et seq.

I. Whether the speedy trial and due process provisions of the Pennsylvania and United States Constitutions prohibit further proceedings on the counts as to which demurrers were not sustained, such that the trial court erred in denying appellant's motion to dismiss the informations?

II. Whether the double jeopardy provisions of the United States and Pennsylvania Constitutions prohibit further trial proceedings on the counts as to which demurrers were not sustained when, contrary to the double jeopardy clause, the Commonwealth tried to appeal from the counts as to which demurrers were sustained, and again contrary to the double jeopardy clause and contrary to the law concerning the availability of a "stay", the trial court granted the Commonwealth's motion for a stay pending the outcome of its efforts to appeal?

III. Whether the components of the due process clauses which guarantee appellant a full and fair hearing, i.e., a hearing conducted in a meaningful manner, prohibit further trial proceedings on the counts as to which demurrers were not sustained, such that the trial court erred in denying appellant's motion to dismiss the informations?

IV. Whether proceedings on the counts as to which demurrers were not sustained are barred by 18 Pa.C.S. § 109(4), since the trial court's erroneous order that trial proceedings on the counts as to which demurrers had not been sustained be stayed pending the Commonwealth's unconstitutional and unsuccessful attempt to appeal the order sustaining demurrers "improperly terminated" the prosecution.

V. Whether, because the trial court erred in granting the Commonwealth's motion to stay the proceedings, further proceedings are now barred?

It is clear that appellant Ernest Smalis' first two assignments of error are identical to those proposed by his wife,

appellant Despina Smalis. As a result, we need not commit ourselves to further discourse on these claims of error.

Appellant's third claim is merely a reiteration of his due process allegation in the context of the right to a full and fair hearing "at a meaningful time and in a meaningful manner." In support of his argument, appellant relies upon the argument set forth in his due process claim. His attempt to reargue due process considerations fails for the same reasons set forth in response to that claim.

As to his fourth assignment of error, appellant argues that 18 Pa.C.S. § 109(4) bars further proceedings because the stay of the trial as to the remaining charges pending resolution of the Commonwealth's appeal from the sustained demurrer is tantamount to a termination of the proceedings. 18 Pa.C.S. § 109(4) provides:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:
>
> > (4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court.

Appellant's claim that the stay order effectively terminated the prosecution is meritless in light of the particular circumstances of the instant case. As we noted in our analysis of appellant Despina Smalis' double jeopardy claim, the Commonwealth had, at the time, a right to appeal from the sustaining of a demurrer, thereby negating any purported impropriety. Furthermore, the stay order permitted the court to hold trial on the remaining charges in abeyance pending resolution of that appeal. As no judgment of acquittal nor one of conviction was entered on the remaining charges they cannot be viewed as having been terminated. Appellant, of course, offers no legal support for his argument that the stay was effective termination, since his claim is not substantiated by discernible legal principles.

■ As to appellant's final claim, we find no error on the part of the trial court in granting the Commonwealth's motion to stay the proceedings. The Pennsylvania Supreme Court held in *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 551–554, 467 A.2d 805, 808–809 (1983) that the standards established by *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921 (D.C.Cir.,1958) as refined by *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C.Cir.1977) provide "a rational basis for the issuance of a stay pending appeal and are the criteria to be followed by the courts of this Commonwealth." *Id.* 502 Pa. at 554, 467 A.2d at 809. These criteria are:

1. The petitioner makes a strong showing that he is likely to prevail on the merits.

2. The petitioner has shown that without the requested relief, he will suffer irreparable injury.

3. The issuance of a stay will not substantially harm other interested parties in the proceedings.

4. The issuance of a stay will not adversely affect the public interest.

*Pennsylvania Public Utility Commission v. Process Gas Consumers, supra*, 502 Pa. at 552–553, 467 A.2d at 809.

The *Process Gas Consumers* court explained the use of the above criteria by stating that "when confronted with a case in which the other three factors strongly favor interim relief[, a court] may exercise its discretion to grant a stay if the movant has made a [demonstration of probability of success] on the merits." *Id., quoting, Washington Metropolitan Area Transit Commission v. Holiday Tours, supra.* In applying those standards to the instant case, the issuance of a stay was justified. Therefore, further proceedings are not barred.

Orders affirmed. Cases remanded for further proceedings. We relinquish jurisdiction.