467 A.2d 1339

**COMMONWEALTH of Pennsylvania**

v.

**William J. BASTONE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1983.

Filed Nov. 18, 1983.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

ROWLEY, Judge:

Appellant was convicted, after a jury trial, of Possession of Weapons or Implements of Escape. Post-trial motions were filed and denied. Appellant was sentenced to two and one-half to five years imprisonment. This appeal followed.

Five issues are raised on appeal: 1) Did the court err in denying appellant's motions for habeas corpus and to quash bills of information because appellant was not represented by counsel at his preliminary hearing?; 2) Did the court err in denying appellant's demurrer to the charge of possession of weapons or implements of escape?; 3) Was the sentence unduly harsh and excessive under the circumstances of this case?; 4) Did the court err in not revealing the recommendation of the probation report to appellant's counsel?; and 5) Did the court err in failing to place on the record the reasons for the sentence imposed?

■ Pa.R.Crim.P. 318(b) requires that, when a defendant seeks to waive the right to counsel at a preliminary hearing, the issuing authority shall ascertain whether it is a knowing, voluntary and intelligent waiver. In addition, the waiver shall be in writing.

The record in this case indicates the issuing authority did everything possible in attempting to comply with Rule 318. At the preliminary arraignment, she advised appellant of his right to have counsel at the preliminary hearing. She asked him if he would like to apply for a public defender. Appellant's response to the judge's questions was to completely ignore her. He not only refused to answer or to sign anything, he would not look at the judge and even turned his back on her. At the preliminary hearing, appellant was again advised of his right to counsel and was told that the case would be continued if he wished to apply for a public defender. Appellant's response was again to totally ignore the judge.

We believe that appellant's contemptuous behavior constituted a knowing, voluntary and intelligent waiver of counsel. To require a written waiver in a case such as this could create "a 'Catch-22' situation in that a 'court-wise' criminal defendant could continually appear in court without counsel on the date scheduled for his trial but refuse to execute a written waiver of his right to counsel making it impossible to proceed with his trial. Obviously, such a situation would render the judicial system a mockery." *Commonwealth v. Wentz*, 280 Pa.Super. 427, 434, 421 A.2d 796, 800 (1980).

However, even if we were to conclude that Rule 318 had been violated in this case, such violation would be harmless error. When a Rule 318 violation occurs, relief is warranted only if appellant suffers actual prejudice as a result thereof. *Commonwealth v. Carver*, 292 Pa.Super. 177, 436 A.2d 1209 (1981). In this case, appellant has not alleged that any prejudice resulted from the absence of counsel at the preliminary hearing.

Appellant next claims that the court erred in overruling his demurrer to the charge of possessing weapons or implements of escape. The test to be applied in ruling on a demurrer to the evidence is whether the Commonwealth's evidence and all reasonable inferences arising therefrom are sufficient to support a verdict of guilty beyond a

reasonable doubt. *Commonwealth v. Duncan,* 473 Pa. 62, 373 A.2d 1051 (1977). 18 Pa.C.S.A. § 5122(a)(2) provides:

> "An inmate commits a misdemeanor of the first degree if he unlawfully procures, makes or otherwise provides himself with or unlawfully has in his possession or under his control, any weapon."

Appellant stipulated that he was an inmate at the State Institution at Graterford at the time of the offense, serving a life sentence for murder. He further stipulated that under the rules at Graterford, an inmate is not allowed to possess any implement of escape or any deadly weapon. The record reveals that on January 18, 1981, correctional officers at Graterford conducted a routine search of Cell 23. Appellant, the sole occupant of the cell, was lying on a mattress on the floor. Appellant was directed to stand in front of the door during the search. The officers discovered a slit in the mattress and removed from the slit a 13-inch knife. This evidence was more than sufficient to prove appellant's guilt beyond a reasonable doubt.

The final three issues raised by appellant deal with his sentence.

■ We first note that the sentence is within the statutory limit and is not unduly harsh or excessive under the circumstances of this case.

■ The Commonwealth concedes, however, that the trial court failed to state reasons for the imposition of sentence on the record. *See Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). Appellant filed a timely petition to vacate or modify sentence, raising this issue. However, the court failed to correct the error. Therefore, we must vacate the Judgment of Sentence and remand the case for resentencing.

■ Since appellant will be resentenced, we will briefly mention the final issue raised in this appeal, concerning the recommendation of the probation office. A sentencing judge may not delegate the sentencing decision to any person or group. *See Commonwealth v. Knighton,* 490

238

Pa. 16, 415 A.2d 9 (1980). Therefore, we see no reason for the probation office to make a sentencing recommendation. If such a practice is to be permitted, however, the recommendation should be disclosed to appellant's counsel. We find no "extraordinary" circumstances which would justify nondisclosure of this information. *See Commonwealth v. Phelps*, 450 Pa. 597, 301 A.2d 678 (1973).

Judgment of Sentence vacated and case remanded for resentencing. Jurisdiction relinquished.