583 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Timothy MOORE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1990.

Filed Dec. 3, 1990.

Petition for Allowance of Appeal
Denied May 9, 1991.

152

Robert B. Evanick, Public Defender, York, for appellant.

Gerald A. Lord, Asst. Dist. Atty., York, for Com., appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for involuntary manslaughter. Appellant raises two claims regarding the discretionary aspects of the sentence.[1] We affirm.

1. Appellant also contends that (1) the evidence was insufficient to support the verdict because the Commonwealth failed to disprove his self-defense claim; and (2) the trial court erred in failing to give a cautionary instruction following a prejudicial argument offered by the Commonwealth. The trial court has adequately addressed and properly disposed of these contentions in its opinion. With regard to appellant's second contention, we note also that rulings on allegedly prejudicial comments are within the trial court's discretion, and our review is limited to determining whether the trial court abused that

On October 4, 1987, appellant was arrested and charged with criminal homicide in connection with the shooting death of Richard Joseph Sconfienza. On October 20, 1988, following a jury trial, appellant was convicted of involuntary manslaughter. Timely post-verdict motions were filed and denied, and on April 24, 1989 appellant was sentenced to a term of imprisonment of one-to-two years. Appellant filed a Motion to Reconsider Sentence on May 4, 1989 which was denied. This timely appeal from the judgment of sentence followed.

Appellant raises two claims concerning the discretionary aspects of the sentence imposed. We note preliminarily that because appellant does not challenge the legality of his sentence, his right to appeal is governed by 42 Pa.C.S.A. § 9781(b). The requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) therefore apply. Appellant has failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal" as required by Rule 2119(f) and *Tuladziecki*. However, in *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc), this Court held that an appellant's failure to comply with Rule 2119(f) and *Tuladziecki* is a waivable procedural violation where appellee has failed to object. *Id.*, 367 Pa.Superior Ct. at 519, 533 A.2d at 138; *see also Commonwealth v. Hall*, 382 Pa.Super. 6, 554 A.2d 919 (1989). Here, the Commonwealth has failed to object to the defect in appellant's brief. Accordingly, we may proceed to "determine, in [our] own discretion, whether there is a substantial issue requiring [us] to review the discretionary aspects of the sentence imposed by the trial court." *Commonwealth v. Krum, supra* 367 Pa.Super. at 519, 533 A.2d at 138.

Appellant first argues that the trial court abused its discretion because it abdicated its sentencing responsibility by adopting the recommendations of the Probation Depart-

discretion. *See Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). We have reviewed the record with this standard in mind, and determined that no such abuse of discretion occurred.

ment in imposing sentence. Specifically, appellant objects to the fact that the trial court ordered that the pre-sentence report be submitted with a standard sentencing recommendation prepared by the Probation Department.

Pennsylvania has a system of indeterminate sentencing, which implicitly adopts the philosophy of individualized sentencing. *See Commonwealth v. Devers*, 519 Pa. 88, 91–92, 546 A.2d 12, 13 (1988); *see also Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). The trial judge is given broad discretion within this system to determine the proper sentence to impose. *See Commonwealth v. Devers, supra; Commonwealth v. Martin, supra.* We have emphasized that a trial court must not delegate its sentencing decision to any person or group. *See Commonwealth v. Bastone*, 321 Pa.Super. 232, 237–38, 467 A.2d 1339, 1342 (1983); *see also Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980). Instead, "sentencing must result both from a consideration [by the trial judge] of the nature and circumstances of the crime as well as the character of the defendant." *Commonwealth v. Devers, supra* 519 Pa. at 92, 546 A.2d at 13. A claim that the court abdicated its sentencing function raises a colorable argument that the sentence imposed was an abuse of discretion. Accordingly, appellant's claim presents a substantial question for our review, and we grant allowance of appeal as to this issue.

On the merits, after carefully reviewing the record, we are convinced that the trial court did not abdicate its sentencing responsibility to the Probation Department in the instant case. Initially, we should note that in the past this Court has emphasized that there is no reason for a probation office to make a sentencing recommendation. *See Commonwealth v. Bastone, supra* 321 Pa.Super. at 238, 467 A.2d at 1342. However, the fact that this Court does not look with favor upon the probation office recommending sentences does not mean that they are prohibited from doing so. Our central concern is to insure that the trial judge remains the final arbiter of the sentence imposed; the trial judge must not relinquish this responsibility

to any other person or group. Here, it is apparent that the trial judge employed the sentencing recommendation of the Probation Department as but one of many factors it considered in sentencing appellant. For example, during the sentencing hearing, the court noted that the "Probation Department doesn't impose the sentence. The Court imposes the sentence." N.T. March 20, 1989 at 2. Furthermore, at the same hearing, the court noted that "[i]t's still the Court that has to impose sentence, no matter what the Probation Department recommends or doesn't recommend. And I have no problem with either following or deviating from their recommendation. I feel it is my function to impose sentence." *Id.* at 3. Finally, during the hearing on appellant's petition to reconsider sentence, the court stated:

... [O]n behalf of the Court, [the Probation Department] conduct[s] these presentence investigations, they give us all of the information that they gather during the course of the investigation, they make recommendations which we may accept or modify or reject as we see fit; and the fact that we accept the recommendation in a fairly high percentage of the cases means simply one of a number of things, that we have confidence in their recommendations, that we would have reached the same conclusion based upon an independent investigation, or most likely that in sentencing a Defendant we are constrained by the ranges of sentences that are set forth in the Crimes Code, and even more particularly in the sentencing guidelines that all of us have to adhere to.

N.T. May 22, 1989 at 24.

These statements indicate that the trial judge did not delegate his sentencing responsibility to the Probation Department. Accordingly, appellant's first argument is meritless.

Appellant's next sentencing claim is that the trial court erred in ordering him to submit to a pre-sentence interview. Appellant argues that he should not be the source of the information that was used in sentencing him, and, to prevent that from occurring, he should be allowed to exercise

his fifth amendment right not to incriminate himself.[2] Appellant misconstrues the scope of the fifth amendment privilege.

The fifth amendment privilege against self-incrimination protects any individual from being officially coerced to give testimonial evidence which would be incriminating in the sense of furnishing "a link in the chain of evidence needed to prosecute." *See* 3 W. LaFave & J. Israel, *Criminal Procedure* § 23.4 at 26 (1984) (quoting *Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)). In *Commonwealth v. Travaglia*, 502 Pa. 474, 467 A.2d 288 (1983), the Supreme Court of Pennsylvania found that "the privilege against self-incrimination in its pure form has no direct application to a determination of the proper sentence to be imposed...." *Id.*, 502 Pa. at 499, 467 A.2d at 300. In so holding, that Court reasoned that the "sentencing phase" of the trial has a different purpose than the "guilt phase." *Id.*

Here, the trial court directed, over counsel's objection, that appellant cooperate with the Probation Department so that they would be able to prepare a presentence report.[3] Even if we were to assume that the court's order

2. In light of the central importance of pre-sentence reports, *see Commonwealth v. Devers, supra,* we are satisfied that this claim, which calls into question the method for preparing the presentence report, presents a substantial question for our review.

3. At sentencing the trial judge expressed his reasoning for directing appellant to cooperate with the Probation Department as follows:

Mr. Moore, I don't know very much about you, and before I impose sentence in a case like this, I want to have a presentence investigation, and a presentence report. I think it's to your benefit that the Court have all the information available to it, or that can reasonably be made available to it.

And while I understand your attorney's position, and he has expressed this to me in the past, he has expressed it to me in this case, I want a presentence investigation before I impose sentence. And I don't intend to deviate at this point from the method that we use to have a presentence report placed before the Court before sentence is actually delivered.

I hereby direct that you cooperate with the Probation Department, that you talk to the Probation Officer for the purpose of having a presentence report prepared....

amounted to compulsion, we fail to see how the information appellant revealed incriminated him in any way.

We are aware that there are certain circumstances in which a defendant's fifth amendment right may be burdened indirectly if he is compelled to divulge information that could incriminate him. *Cf. Commonwealth v. Allen,* 340 Pa.Super. 189, 489 A.2d 906 (1985). In this case, however, such a situation is not presented. Appellant therefore has failed to show that his constitutional rights were violated or that he was prejudiced by this procedure. Accordingly, we conclude that the trial court did not err in ordering appellant to submit to a presentence interview.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.