J-S69024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TEDROW | : | |
| | : | No. 569 WDA 2017 |
| Appellant | | |

Appeal from the Order February 27, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000649-2010

BEFORE: BOWES, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.: FILED DECEMBER 08, 2017

Appellant, Shawn Tedrow, appeals from the judgment of sentence of eight months to five years of incarceration, entered on February 27, 2017, following the revocation of his probation for technical violations.[1] We affirm.

We derive the following facts from the revocation court's opinion.

Appellant entered a plea of [n]olo [c]ontendre to Count 1 (18 Pa.C.S.A. § 3126(a)(7) – Indecent Assault) on January 13, 2011. Prior to sentencing, the [c]ourt held a hearing to determine whether [Appellant] was a sexually violent predator as defined by 42 Pa.C.S.A. § 9792.

On May 23, 2011, Appellant was sentenced to a period of 24 months of probation with conditions that he (a) report daily in person to Beaver County Adult Probation; (b) have no contact with

_____

[1] Appellant purported to appeal the March 10, 2017 Order denying his motion for post-trial relief. However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." Commonwealth v. Shamberger, 788 A.2d 408, 410 n.2 (Pa. Super. 2001). Therefore, we have corrected the caption accordingly.

* Former Justice specially assigned to the Superior Court.

the victim or victim's family members; (c) have no contact with minor children unless supervised by an adult; and (d) complete a mental health evaluation and all recommended treatment.

In an Order of June 20, 2011 issued by [ ] Judge Tesla, the [c]ourt denied Appellant's motion to reconsider the [c]ourt's previous finding that [Appellant] was a sexually violent predator as defined by 42 Pa.C.S.A. § 9792.

On June 3, 2013, the Commonwealth filed a Petition for Administrative Hearing on Violation alleging Appellant had failed to complete sexual offender treatment, drug and alcohol treatment and failed to pay court monies owed. On August 6, 2013, [ ] Judge John P. Dohanich issued an Order revoking and reinstating probation under the condition that Appellant complete sex offender evaluation and any recommended treatment.

On August 11, 2015, the Commonwealth again filed a Petition for Administrative Hearing on Violation alleging Appellant failed to comply with the sex offender treatment condition of his probation. Appellant again had his probation revoked and reinstated by Order of November 24, 2015, with the condition that he complete sex offender treatment as directed.

On February 6, 2017, the Commonwealth, for the third time, filed a Petition for Administrative Hearing on Violation alleging Appellant again failed to comply with the condition that he complete sex offender training as well as the condition that he abstain from drug use.

Following a hearing before [ ] Judge Knafele on February 27, 2017, this [c]ourt found Appellant to be in violation of his probation once again for failure to comply with the conditions of his probation, specifically: failure to complete sex offender treatment as directed and failure to abstain from drug use.

At the February 27th hearing, Appellant's Probation Officer Christina Sturgeon ["P.O. Sturgeon"], testified that Appellant had admitted to using marijuana before his incarceration, and that Appellant had been discharged unsuccessfully from sex offender treatment for missing four consecutive appointments. P.O. Sturgeon also testified that Appellant could receive alternative treatment once he was released from the Beaver County Jail but that he could not receive any treatment while in the Beaver County Jail [alternatively] he would receive the treatment he has avoided if he were incarcerated at the state prison. On direct

examination by the Commonwealth, P.O. Sturgeon stated that the Appellant had not been incarcerated at all previously and also expressed concerns about sending the Appellant to a state correctional facility because ". . . If I sent him to a state penitentiary . . . he may not come out better than when he went in."

Judge Knafele, exercising his discretion in desiring to ensure Appellant received the treatment he had failed for years to complete, determined to revoke Appellant's probation and sentence him to eight [ ] months to five [ ] years in a state penal or correctional institution by Order of February 27, 2017.

Following this ruling, Appellant sought reconsideration of the sentence by Motion which was denied by Judge Knafele on March 10, 2017, and Appellant then sought review of Judge Knafele's sentence by the Superior Court.

Revocation Court Opinion, 7/18/17, at 1-3 (unpaginated) (citations omitted).

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The court issued a responsive opinion.

Appellant presents the following question for our review:

1. Whether a Judge can abuse his discretion in sentencing a Defendant when testimony as to treatment and punishment of Defendant are contrary to the sentence pronounced by the Judge.

Appellant's Brief at 5.

This Court's standard of review regarding an appeal from a sentence imposed following the revocation of probation is as follows:

[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.

Commonwealth v. Perreault, 930 A.2d 553, 557 (Pa. Super. 2007) (internal citation omitted).

Appellant contends that his sentence is manifestly unreasonable and the trial court should have sentenced him according to the probation officer's recommendation. See Appellant's Brief at 9. When reviewing a challenge to the discretionary aspects of sentencing, we adhere to the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Raybuck, 915 A.2d 125, 128 (Pa. Super. 2006)

Appellant's challenge to the discretionary aspects of his sentence does not entitle him to review as of right. Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. See Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013); see also Pa.R.A.P. 2119(f).

Initially, we note that Appellant timely filed a notice of appeal and preserved his claim in a post-sentence motion. However, Appellant failed to include a concise prefatory statement of reasons relied upon for allowance of appeal. Such a statement is required under Pa.R.A.P. 2119(f) in cases where discretionary aspects of sentences are challenged. In Pa.R.A.P.(f), it is provided:

> (f) Discretionary Aspects of Sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

See Pa.R.A.P.(f).

The Commonwealth, having elected not to file a brief in this matter, has raised no objection to Appellant's failure to provide a Rule 2119(f) statement. Thus, we will overlook this error. See Commonwealth v. Raybuck, 915 A.2d at 127 n.3. Next, we examine whether Appellant's claim presents a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with specific provisions of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the [S]entencing [C]ode.

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010).

Appellant failed to file a Rule 2119(f) statement. Nevertheless, we infer from Appellant's brief that he challenges his sentence as "manifestly unreasonable" because he was sentenced to a term of state incarceration, as opposed to the county sentence recommended by his probation officer. See Appellant's Brief at 9. Appellant fails to explain how his sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Moury, 922 A.2d at 170; see Commonwealth v. Marts, 889 A.2d 608, 612 (Pa. Super. 2005) ("[I]n order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process."). Thus, Appellant fails to raise a substantial question.

Even if we were to determine that Appellant's claim did raise a substantial question, we find no merit to the underlying allegation. The revocation court need not accept the recommendation of a probation officer. Commonwealth v. Moore, 583 A.2d 1, 2 (Pa. Super. 1990) ("We emphasize that a trial court must not delegate its sentencing decision to any person or group."). Rather, imposition of sentence following revocation of probation is vested in the sound discretion of the revocation court. Commonwealth v. Coolbaugh, 770 A.2d 788, 792 (Pa. Super. 2001) (citing Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa. Super. 2000)). Furthermore, the court clearly stated its reasons for imposing a term of state incarceration:

> In making its determination, the [c]ourt cited as its rationale for imposing a sentence of total confinement – specifically, total confinement in a state prison – Appellant's repeated failures to comply with the terms of his probation. At Appellant's revocation hearing, acting in compliance with 18 Pa.C.S.A. § 1301 et seq., Judge Knafele stated on the record, "I'm going to impose a state sentence of eight months to five years. He's going to be on parole because I believe he'll never comply unless somebody's holding a hammer over his head, and it's going to be there for four years." In short, the [c]ourt found such a sentence essential to vindicate the authority of the [c]ourt following years of Appellant's apparent disregard for this [c]ourt and its authority. Furthermore, the [c]ourt specifically sought a state sentence so that Appellant would have the opportunity to fulfill his obligation to obtain and complete sex-offender treatment, which is seen as necessary for the safety of the community as this [c]ourt fears that without the appropriate treatment Appellant will likely offend again.

Revocation Court Opinion, 7/18/17, at 6-7 (unpaginated) (footnote and citation omitted).

Accordingly, we conclude that even if a substantial question had been raised, the court did not abuse its discretion in sentencing Appellant.[2]

Application for extension to file brief denied. Judgement of sentence affirmed. Jurisdiction relinquished.

_____

[2] The Commonwealth did not timely file a brief in this matter. The Commonwealth's brief was due September 28, 2017. On October 10, 2017, the Commonwealth filed an application for extension of time to file brief. As this application for relief was filed after its brief was due, the application is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017