J-S10027-20 & J-S10028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK CHARLES HOCKENBERRY | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019, in the Court of Common Pleas of Clinton County, Criminal Division, at No(s): CP-18-CR-0000215-2018.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK C HOCKENBERRY, JR. | : | |
| | : | |
| Appellant | : | No. 1427 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019, in the Court of Common Pleas of Clinton County, Criminal Division at No(s):  CP-18-CR-0000420-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 03, 2020**

Fredrick C. Hockenberry, Jr. appeals from the judgment of sentence imposed after the trial court revoked his probation.  We affirm.

The pertinent facts are as follows: On September 17, 2018, Hockenberry entered guilty pleas, and the trial court sentenced him at two separate dockets. At Case No. 215-2018, Hockenberry entered a guilty plea to simple drug possession and driving under the influence.[1] The trial court imposed a three-year term of county intermediate punishment for the drug charge, and a $ 300.00 fine and a concurrent term of six months of probation for the DUI conviction. At Case No. 420-2018, Hockenberry entered a guilty plea to simple drug possession and the trial court sentenced him to a consecutive, three-year term of county intermediate punishment.

The trial court summarized the subsequent procedural history as follows:

> [Hockenberry] was originally sentenced [on possession of a controlled substance] to the Clinton County Intermediate Punishment Program with a Clinton County Treatment component. [He] was ultimately removed from [that Program] and resentenced to 36 months of probation. The resentence on the [DUI] offense was six months of probation concurrent with the possession offense. To Docket No. 420-2018, [Hockenberry] was likewise sentenced to the Clinton County Intermediate Punishment Program with a Clinton County Treatment component. [He] was revoked from [that Program] and was resentenced to 36 months of probation consecutive to Docket No. 215-2018.
>
> On April 22, 2019, while on probation supervision, [Hockenberry] advised of his use of methamphetamines. [He] was provided an opportunity to pursue intensive outpatient services in lieu of other penalties.

---

[1] 35 P.S. § 780-113(a)(16), and 75 Pa.C.S.A. § 3802(a)(1), respectively.

On May 14, 2019, the Clinton County Office of Probation was notified by the Center County Office of Probation that [Hockenberry] was positive on a urinalysis test and was denying use. [His] specimen was sent out to the lab and the lab results confirmed that [Hockenberry] was positive for Benzodiazepines, opiates, Buprenorphine, and Fentanyl. [Hockenberry] possessed a prescription for Buprenorphine only. [He] subsequently admitted to violating the terms of his probation supervision.

Trial Court Opinion, 9/13/19, at 4-5.

On June 10, 2019, Hockenberry entered a stipulated violation of his probation at both dockets. The trial court accepted Hockenberry's admissions, ordered a pre-sentence report, and scheduled resentencing for July 22, 2019. On that date, the trial court resentenced Hockenberry at Case No. 215-2018 to 11½ to 24 months of incarceration, less one day, for the drug conviction, and a consecutive 3-6 months of incarceration for the DUI conviction. The trial court also sentenced Hockenberry at Case No. 420-2018 to a consecutive term of 6 to 24 months of incarceration, less one day, for the drug conviction. Thus, the trial court sentenced Hockenberry to an aggregate term of 20 ½ to 54 months, less two days, of incarceration.

The trial court denied Hockenberry's motion for reconsideration. This timely appeal followed. Both Hockenberry and the trial court have complied with Pa.R.A.P. 1925.

Hockenberry now raises the following issue:

1. Did the Trial Court commit an abuse of discretion in sentencing [Hockenberry] to [the above aggregate sentence] when [he] was facing the first violation of his probation for an admitted relapse following the

recommendation of adult probation to an aggregate minimum sentence of ninety days?

Hockenberry's Brief at 4.

Hockenberry's appellate issue challenges the discretionary aspects of his sentence. "Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa.Super. 2001). A convicted person has no automatic right of appeal regarding the discretionary aspects of his sentence. *See, e.g., Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010).

This Court has articulated the following four-part test to determine whether to allow such an appeal:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (some punctuation omitted).

Here, the parties do not dispute that Hockenberry has met the first three parts of the above test. Thus, we must determine whether he has raised a substantial question. A request for allowance of appeal on the discretionary aspects raises a substantial question "only where [a] Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a

specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process . . . ." ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002) (plurality opinion). ***See also Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa.Super. 2000) (accord).

Hockenberry's Rule 2119(f) statement reads, in pertinent part:

> The trial court's . . . aggregate sentence of 20½ months to 54 months minus two days . . . is patently unreasonable, given the adult probation department's initial recommendation of 90 days to 24 months incarceration. Said recommendation led [Hockenberry] to believe that a sentence in that vicinity was likely and the deviation was so extreme that it became unreasonable and unfair.

Hockenberry's Brief at 7.

The Commonwealth asserts Hockenberry has not raised a substantial question, and, as a result, this Court may not reach the merits of his appeal. ***See*** Commonwealth's Brief at 3-4. We agree.

As readily seen in the above statement, Hockenberry cites no provision of the Sentencing Code that the trial court allegedly violated. In addition, he does not contend (much less sufficiently articulate) how the trial court's actions "violate[d] . . . a particular, fundamental norm underlying the sentencing process." ***Mouzon***, ***supra***. In fact, the only complaint in his request for allowance of appeal was that the probation office initially recommended a shorter period of incarceration than the trial court ultimately imposed.

At best, Hockenberry claims that the trial court abused its discretion in failing to follow the probation department's original recommendation of ninety days of imprisonment. The probation department's recommendations are just that—recommendations. They are not binding on a court. Indeed, this Court discourages the practice altogether:

> A sentencing judge may not delegate the sentencing decision to any person or group. *See Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980). Therefore, we see no reason for the probation office to make a sentencing recommendation.

*Commonwealth v. Bastone*, 467 A.2d 1339, 1342 (Pa.Super. 1983). Thus, a probation department's recommendations carry no legal significance at a resentencing following revocation.

Because Hockenberry has failed "to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence," *Mouzon*, 812 A.2d at 627, we deny his application for an allowance of appeal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/03/2020

- 6 -