J-S15004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ALLEN KEINER | : | |
| | : | |
| Appellant | : | No. 2094 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000607-2020

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JUNE 18, 2024**

Appellant, Michael Allen Keiner, appeals from the judgment of sentence entered on April 1, 2022. On this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court ably summarized the underlying facts of this appeal:

> On May 21, 2021, Appellant [pleaded guilty to] theft by deception – false impression, a felony of the third degree, in

_____

[*] Retired Senior Judge assigned to the Superior Court.

violation of . . . [18 Pa.C.S.A. § 3922(a)(1). In accordance with the] plea, the Commonwealth *nolle prossed* [the remaining counts]. There was no agreement as to the sentence to be imposed. The offense involved taking funds from an individual who had contracted for Appellant's services in home improvement, failing to provide the home improvement services and keeping the monies prepaid to Appellant by the victim. On May 21, 2021, Appellant was sentenced to three years of probation and a restitution obligation of $4,000 was imposed. As a condition of [Appellant's] sentence, he was precluded from working in the home improvement industry in any capacity while under supervision.

On April 1, 2022, a probation violation hearing was held. [Appellant's] probation officer testified that Appellant failed to pay the restitution imposed as a part of his sentence and was continuing to work in the home improvement field in violation of the terms of his supervision. The [trial court] found Appellant to be in violation of the terms and conditions of his supervision, revoked his probation, sentenced him to [serve three-and-a-half to seven years in prison] and again ordered him to pay court costs and restitution in the amount of $4,000. On April 7, 2022, Appellant filed a [post-sentence] motion [to modify] his sentence. The [trial court] denied Appellant's motion [on] April 26, 2022.

Trial Court Opinion, 12/22/23, at 1-2 (citations and some capitalization omitted).

Following the *nunc pro tunc* restoration of Appellant's direct appeal rights, Appellant filed a timely notice of appeal and, on appeal, Appellant's counsel filed a petition for leave to withdraw and an **Anders** brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . .

[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the *Anders* brief:

> [1.] Whether the trial court abused its discretion and erred by sentencing [Appellant] outside the aggravated sentencing guidelines?
>
> [2.] [Whether the trial court failed to] adequately consider the probation officer's recommendation of a sentence of [18 to 36 months in prison?]
>
> [3.] Whether the trial court abused its discretion and failed to credit [Appellant's] time served?
>
> [4.] Whether the trial court abused its discretion and erred when it imprisoned [Appellant] for lack of financial resources?
>
> [5.] [Whether the trial court erred when it concluded that Appellant held] himself out to be a home contractor[?]
>
> [6.] [Whether the trial court erred when it revoked Appellant's probation] for technical violations[?]

Appellant's Brief at 16-31.

Appellant's first two claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007); ***see also Cartrette***, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

First, Appellant claims that the trial court abused its discretion when it sentenced him in the aggravated sentencing range. Appellant preserved this claim by filing a timely notice of appeal and raising the claim in his motion to modify sentence. Moreover, although Appellant did not include a Rule 2119(f) statement in his brief, the Commonwealth has not objected to this failure. As such, we will "ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate" under the Sentencing Code. ***See***, ***e.g.***, ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) ("when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal").

On appeal, Appellant raises a bald claim that his aggravated-range sentence was excessive. *See* Appellant's Brief at 17. As this Court has held, "a bald claim of excessiveness does not present a substantial claim for review." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). Thus, consistent with our precedent, we conclude that Appellant's first claim does not raise a substantial question and that we may not reach the merits of this discretionary aspects claim. *See id.*

Next, Appellant claims that the trial court abused its discretion when it failed to "adequately consider the probation officer's recommendation of a sentence of [18 to 36 months in prison]." *See* Appellant's Brief at 24. Appellant did not raise this claim in his motion to modify his sentence.[1] *See* Appellant's Motion to Modify, 4/6/22, at 1-3. As such, Appellant's second claim on appeal is waived. *See Cartrette*, 83 A.3d at 1042.

Third, Appellant claims that the trial court erred when it "failed to credit [Appellant's] time served." Appellant's Brief at 18.

---

[1] To the extent that Appellant claims the trial court erred when it sentenced him to a greater term of imprisonment than recommended by the probation officer, we note that "[a] sentencing judge may not delegate the sentencing decision to any person or group." *Commonwealth v. Bastone*, 467 A.2d 1339 (Pa. Super. 1983). Further, the Sentencing Code does not require that the trial court consider a probation officer's sentencing recommendation. Instead, the Sentencing Code requires that a sentencing court consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" when imposing sentence. 42 Pa.C.S.A. 9721(b). Thus, any claim that the trial court erred when it sentenced Appellant above the probation officer's recommendation does not raise a substantial question.

A claim asserting that the trial court failed to award credit for time served implicates the legality of a sentence. *See Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Lowe*, 303 A.3d 810, 813 (Pa. Super. 2023).

Section 9760 of the Sentencing Code governs the calculation of credit for time served and, in pertinent part, states:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). This Court has held that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth v. Richard*, 150 A.3d 504, 520-521 (Pa. Super. 2016) (original quotation marks omitted). "While in cases involving a multitude of offenses occurring in quick succession determining which sentences a defendant is entitled to credit for presentence detainment becomes more difficult, the general rule regarding the inquiry seems simple enough – a defendant is entitled to credit only once for presentence

detainment." ***Commonwealth v. Davis***, 852 A.2d 392, 400 (Pa. Super. 2004) (citation omitted); ***see also Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (stating, "a defendant is not entitled to receive credit against more than one sentence for the same time served, *i.e.*, double credit) (quotation marks and citations omitted).

On appeal, Appellant does not specify the dates that the trial court allegedly failed to credit to his current sentence. ***See*** Appellant's Brief at 18-19. Therefore, since we are unable to address this undeveloped claim, we conclude that Appellant's claim is waived. ***See Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) ("it is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal").

Appellant's final three issues contend that the evidence was insufficient to revoke his probation, as: he was "imprisoned . . . for lack of financial resources;" he did not "hold[] himself out to be a home contractor;" and, he merely committed technical violations of his probation. ***See*** Appellant's Brief at 20-29. As the trial court explained, Appellant's remaining claims fail:

> Prior to the hearing on the violation of his probation, Appellant asserted to the [trial court], at his initial sentencing hearing, that he was able to make the [restitution] payments as outlined in his sentence. He agreed to pay approximately $500 each month until the total amount of $4,000 was satisfied and his victim was made whole. The [trial court] found that given Appellant's history of fraud and inconsistent statements, his explanations for his failure to pay the restitution lacked credibility.

Upon a review of the record made before the [trial court], it is clear that Appellant made statements that were inconsistent and lacking credibility to explain his inability to pay the restitution that he agreed to pay at sentencing under oath. As it is squarely within the province of the [trial court] to weigh the credibility of the witnesses and the evidence to be considered upon imposition of the sentence, . . . [Appellant's claim that he was "imprisoned . . . for lack of financial resources" is frivolous].

. . .

[Appellant also claims that the trial court] erred in considering that [Appellant] had posted an advertisement for home improvement jobs on Facebook when there was no evidence presented that he actually engaged in the work. . . . Public solicitation for home improvement services . . . [constitutes] working in the home improvement industry. In any case, the evidence was relevant to establish that [Appellant] had no intention of obtaining permissible employment but rather intended to continue in prohibited employment despite the [trial court's] order to the contrary. The postings were also relevant to corroborate unchallenged evidence that [Appellant] was working in the home improvement industry while in Texas immediately following his release from incarceration on charges there.

. . .

[Finally, the trial court did not err when it revoked Appellant's probation for technical violations. Technical violations can support revocation and incarceration when "such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). As the trial court explained during sentencing, it revoked Appellant's probation and sentenced Appellant to serve a term of incarceration because of:]

> (1) the fact that [Appellant] had been arrested and incarcerated and convicted in multiple jurisdictions, in multiple states for the same criminal conduct; (2) [the fact] that [Appellant] has shown no indication that he is going to address [his] criminal behavior; (3) [the fact] that [Appellant's] actions demonstrate that if he is not

- 10 -

confined, he will continue to engage in the same criminal behavior; (4) [the fact] that [Appellant] has demonstrated that he has no intention of reimbursing the victim for her loss as demonstrated by his statements to his probation officer and his failure to make any payment towards restitution with the money he testified that he had set aside or with funds earned through legitimate employment; (5) [the fact] that the reasons for the lenient sentence originally imposed no longer exist given [Appellant's] failure and refusal to pay restitution and the complete lack of any credit for time served with regard to this conviction; (6) [the fact] that [Appellant] has demonstrated a complete lack of understanding of the nature of his criminal conduct and a complete lack of remorse; and (7) [the fact] that a sentence of total confinement was necessary in order to vindicate the authority of the [trial court].

*See* Trial Court Opinion, 7/26/22, at 1-10; Trial Court Opinion, 12/22/23, at 1-8 (citations and some capitalization omitted).

We have independently considered the issues raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/18/2024</u>